UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ZERMENO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SYSTEMS SERVICES OF AMERICA, INC., <br><br> Defendant. | Case No. 12-cv-2115-L(WMC) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

    On June 8, 2012, Plaintiffs Jimmy Zermeno, Luis Meneses, and Tony Muro commenced this class action against their employer, Defendant Systems Services of America, Inc., in the San Diego Superior Court. Plaintiffs assert four causes of action arising out of their employment with Defendant. On August 27, 2012, Defendant filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

    For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//
//
//

## II.     ANALYSIS

CAFA vests district courts with "original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)) (internal quotations marks omitted).  After a plaintiff files an action in state court, the defendant must allege and bear the burden of proof that the amount in controversy exceeds $5,000,000. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Mere conclusory allegations are insufficient. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The defendant must set forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds $5,000,000. *See Abrego Abrego*, 443 F.3d at 689.

### A.     The Preponderance of the Evidence Standard Applies.

Although the defendant bears the burden of proving that the plaintiff's action meets the requirements of CAFA, the court must also consider what level of proof that the defendant must meet. *Lowdermilk*, 479 F.3d at 998.  The Ninth Circuit has articulated two pertinent scenarios that dictate what level of proof that the defendant must meet in order to show that the amount-in-controversy requirement has been satisfied. *Id.* (citing *Abrego Abrego*, 443 F.3d at 683).  In the first, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" the removing defendant must prove by "a preponderance of the evidence" that the amount in controversy has been met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  And in the second, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.'" *Id.* (citing *Lowdermilk*, 479 F.3d at 1000).

//

Here, Plaintiffs does not expressly allege a specific dollar amount for the amount in controversy or for damages sought. Consequently, it is unclear and ambiguous from the face of the state-court complaint whether the requisite amount in controversy has been pled. Therefore, the Court applies the preponderance-of-the-evidence standard. *Guglielmino*, 506 F.3d at 699.

### B. Defendant Has Not Met Its Burden to Show that the Amount in Controversy Exceeds $5,000,000.

In its notice of removal, Defendant asserts that "the total amount in monetary relief sought by Plaintiffs and the class members exclusive of interest and costs, plus attorneys' fees, exceeds $6,140,625 . . . ." (Removal Notice ¶ 27.) That value is the sum of calculated in Paragraph 26 of the Removal Notice. However, one value—the $1,228,125 purportedly sought for attorneys' fees—is neither supported by any of the allegations contained in the complaint nor evidence provided by Defendant. Defendant merely explains that "[i]n California, it is not uncommon for [an] attorneys' fee award to be twenty-five to thirty percent of the settlement." (*Id.* ¶ 26(h).) "Given this, if Plaintiffs were to fully prevail on all of these claims, they would likely seek attorney's fees of at least **$1,228,125** (25% of $4,912,500—the total above amounts)." (*Id.* (emphasis in original, and footnote omitted).) But, without identifying an allegation in the complaint to rely upon or some evidence provided to justify this value, the Court cannot conclude that the $1,228,125 is sufficiently supported to include into the amount-in-controversy calculation to meet the jurisdictional threshold.[1]

In sum, Defendant fails to show that it meets the amount-in-controversy requirement under CAFA by the preponderance of the evidence. *See Abrego Abrego*, 443 F.3d at 689.

### III. CONCLUSION & ORDER

In light of the foregoing, the facts presented in the notice of removal do not meet the

---

[1] This order does not analyze the validity of the other values calculated and set forth by Defendant in the remaining sub-paragraphs of Paragraph 26 in the Notice of Removal. Those values are assumed to be true for the sake of argument.

1 | burden of establishing removal jurisdiction.  Without the $1,228,125 attorneys' fees value to
2 | support Defendant's removal, the remaining values amount to $4,912,500 *at best*.  "If at any
3 | time before final judgment it appears that the district court lacks subject matter jurisdiction, the
4 | case shall be remanded." 28 U.S.C. § 1447(c).  Therefore, the Court **REMANDS** this action to
5 | the San Diego Superior Court.

6 |     **IT IS SO ORDERED**.

8 | DATED: September 10, 2012

9 |                                                 M. James Lorenz
                                                United States District Court Judge

10 | COPY TO:

11 | HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

12 | ALL PARTIES/COUNSEL